IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JAMES CRUMBLEY | § | |
| VS. | § | CIVIL ACTION NO. 1:12-CV-191 |
| DIRECTOR, TDCJ-CID | § | |

**MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, James Crumbley, a state prisoner currently confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The Court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this Court.  The Magistrate Judge recommends this action be denied.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, and pleadings.  Petitioner filed objections to the Magistrate Judge's Report and Recommendation.  This requires a *de novo* review of the objections in relation to the pleadings and applicable law.  *See* FED. R. CIV. P. 72(b). After careful consideration, the Court finds the objections lacking in merit.

Furthermore, to the extent petitioner asserts he was subjected to excessive use of force, these claims implicate the conditions of his confinement rather than his disciplinary conviction or sentence.  Because petitioner's claims of excessive use of force have no effect on the duration of his confinement and success in this proceeding would not entitle him to accelerated release, petitioner is not entitled to relief pursuant to 28 U.S.C. § 2254.  Thus, petitioner must pursue his claims by filing a civil rights action pursuant to 42 U.S.C. § 1983.

In this case, it would not further the interests of justice to construe petitioner's petition as asserting a claim pursuant to 42 U.S.C. § 1983. Allowing petitioner to prosecute this action based on the payment of the $5.00 filing fee applicable to petitions for writ of habeas corpus instead of the $350.00 filing fee applicable to civil actions would allow petitioner to circumvent the filing fee requirements of the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915. Accordingly, petitioner's claims regarding the conditions of his confinement should be dismissed without prejudice. If petitioner wishes to pursue his claims, he may do so by filing a civil rights action pursuant to 42 U.S.C. § 1983 and pay the $350 filing fee or request leave to proceed *in forma pauperis*.

## ORDER

Accordingly, the objections of petitioner are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

**SIGNED** this the 16 day of **July, 2012.**

Thad Heartfield
United States District Judge